**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Winter Moore</u>

    v.                                                    Case No. 09-cv-329-SM

<u>Mark J. Rockwood and Southern</u>
<u>New Hampshire Medical Center</u>


## O R D E R

    Winter Moore moves the court to reconsider a portion of its Order on her motion to compel.  Specifically, she asks the court to reconsider its determination that a communication from Southern New Hampshire Medical Center's attorney to its insurer falls squarely within New Hampshire's lawyer-client privilege. Moore's motion is granted, but only in part.

    Moore has directed both interrogatories and requests for the production of documents to various areas of inquiry, including correspondence between Southern New Hampshire Medical Center ("SNHMC") and its insurer concerning the incident underlying her suit.  Moore asserts that in her discovery requests, she defined "SNHMC" to include "its officers, employees, agents, attorneys, or any other person acting or purporting to act on its behalf."[1]  In one interrogatory, Moore

---

[1] The synopsis of the discovery requests appended to Moore's motion to compel does not include that definition or any other.

requested SNHMC to "[i]dentify any and all communications concerning the incident, including but not limited to statements by SNHMC, correspondence between SNHMC and its insurance broker/carrier, and statements by Rockwood." Pl.'s Mot. to Compel, Ex. A (doc. no. 69-2), at 5. SNHMC objected, arguing that the "information and/or documents [Moore requested] are subject to the Quality Assurance privilege and/or attorney client privilege, were created in anticipation of litigation and/or constitute attorney work product." Id.

In response, Moore moved to compel. In her motion, she addressed only SNHMC's assertion of the Quality Assurance privilege. Consequently, SNHMC addressed only the Quality Assurance privilege in its objection to Moore's motion to compel. Before ruling on the motion to compel, the court held a hearing. Near the end of the hearing, when asked whether either side had any further arguments to make, Moore's counsel offered to submit further briefing on the issue of whether privilege is waived when information is transmitted to a third party such as an insurance company. The court declined to accept further briefing, and the parties argued briefly about the applicability of the lawyer-client privilege.

After the hearing, the court issued an Order that provides, in pertinent part:

> Accordingly, the quality assurance privilege does not apply to the Hospital's correspondence with its insurer.
>
> But, at the hearing, the Hospital further identified the communication at issue as being a letter from its attorney to its insurer.  As such, that communication falls squarely within New Hampshire's lawyer-client privilege.  <u>See</u> N.H. R. Ev. 502(b)(1).  Thus, Moore is not entitled to the correspondence it seeks.

Order (doc. no. 87), at 13.

Moore now asks the court to reconsider its determination that the lawyer-client privilege protects communications between SNHMC's attorney and its insurer and to grant its motion to compel the production of that material.  Specifically, Moore argues that: (1) because SNHMC did not address lawyer-client privilege in its brief opposing her motion to compel, she did not have a fair opportunity to address that issue; and (2) the court's ruling runs counter to New Hampshire law.  SNHMC objects on several procedural grounds, and asks for thirty days to respond to Moore's substantive arguments, in the event the court decides to reach the merits.

On reflection, the court concludes that it was probably a mistake to rule on the applicability of the lawyer-client privilege, because that issue was not properly before the court.  The problem, however, is not that SNHMC failed to address the issue in its objection to Moore's motion to compel.  Notwithstanding SNHMC's assertion of the lawyer-client privilege

along with three other grounds for nondisclosure in its response to Moore's discovery request, Moore challenged <u>only</u> the applicability of the Quality Assurance privilege in her motion to compel.  SNHMC was hardly obligated to defend the applicability of the lawyer-client privilege when Moore did not challenge it.[2]  Thus, that issue was not properly before the court because Moore failed to raise it in her motion to compel, not because SNHMC failed to include it in its objection to that motion.  But, in any event, the court concludes that it was a mistake to rule on a question that was not properly before it.

Accordingly, the court vacates its ruling that the lawyer-client privilege protects communications between SNHMC's attorney and its insurer.  But, because that issue still has not been properly raised or fully briefed, the court cannot go any further than vacating its previous ruling.  That is, the reasons why the court should not have ruled that the privilege does apply are the same reasons why the court should not now rule that the privilege does not apply.

Here is where things stand.  Moore has requested correspondence between SNHMC's attorney and its insurer.  SNHMC

---

[2] Moore's intimation that she was somehow sandbagged by SNHMC's failure to raise the lawyer-client privilege issue in its objection to her motion to compel is rendered even more inappropriate by the fact that the issue was raised at the hearing not by SNHMC but by Moore herself.  Hearing Transcript, at 78-79.  If anyone was taken by surprise, it was SNHMC, not Moore.  <u>See</u> <u>id.</u> at 79.

offered four grounds for not producing that material.  The court has ruled that one of those grounds, the Quality Assurance privilege, does not apply.  SNHMC's three other grounds for denying Moore's request remain, unchallenged.  The next step is up to the parties.

For the reasons given, Moore's motion for reconsideration, doc. no. 88, is granted to the extent that the court vacates its ruling that correspondence between SNHMC's attorney and its insurer is protected by the lawyer-client privilege.  But, the court declines to reach the merits of Moore's argument in favor of production until such time as the issue is fully briefed and properly before the court.  Thus, to the extent Moore asks the court to order SNHMC to produce the material she seeks, her motion is denied.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

Dated:  May 12, 2011

cc:  W. Kirk Abbott,. Jr.
     Rose Marie Joly, Esq.
     Kevin M. O'Shea, Esq.
     Laura A. Otenti, Esq.
     Nancy J. Puleo, Esq.
     Rose Marie Joly, Esq.
     Rosanne Sattler, Esq.
     Gilbert F. Whittemore, Esq.

5