**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Winter Moore

    v.                                    Civil No. 09-cv-329-SM

Mark J. Rockwood and Southern
New Hampshire Medical Center


## O R D E R

In an order dated August 3, 2011, document no. 107, the
court directed plaintiff Winter Moore to show cause why
defendants Mark Rockwood and Southern New Hampshire Medical
Center ("the Hospital") should not be awarded the reasonable
expenses they incurred, including attorneys' fees, in litigating
the motions to compel that were granted by that order.  The
court also invited defendants to respond to Moore's briefing.
Before the court is Moore's memorandum of law to show cause why
expenses should not be assessed.  Rockwood has responded.  The
Hospital has not.  For the reasons that follow, both Rockwood
and the Hospital are entitled to some of their expenses.

### The Legal Standard

With regard to awards of expenses to parties who prevail on
motions to compel discovery, the Federal Rules of Civil
Procedure provide, in pertinent part:

> If the motion [to compel] is granted . . . the court
> must, after giving an opportunity to be heard, require
> the party or deponent whose conduct necessitated the
> motion, the party or attorney advising that conduct,
> or both to pay the movant's reasonable expenses
> incurred in making the motion, including attorney's
> fees.  But the court must not order this payment if:
>
> . . . .
>
> (ii) the opposing party's nondisclosure, response,
>      or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses
>       unjust.

Fed. R. Civ. P. 37(a)(5)(A).

In a legal context similar to that presented by a request for expenses under Rule 37(a)(5)(A), "the Supreme Court has said that 'substantially justified' does not mean 'justified to a high degree,' but only 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'"  Sheppard v. River Valley Fitness One, L.P., 428 F.3d 1, 12 (1st Cir. 2005) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).  "The burden of showing substantial justification is on the party facing the payment of expenses." Saalfrank v. Town of Alton, No. 08-cv-46-JL, 2010 WL 839884, at *3 (D.N.H. Mar. 5, 2010) (citations omitted).  The burden of establishing "other circumstances [that] make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(A)(iii), also rests with the party facing the payment of expenses.  See Cianbro v.

George H. Dean, Inc., 733 F. Supp. 2d 191, 193 & n.2 (D. Me. 2010).

## Discussion

Bearing in mind the legal standard described above, the court turns to each of the three categories of relief granted in its previous order.

A. Authorizations for Mental-Health Records

The court directed Moore to execute authorizations for the release of her mental-health records to both Rockwood and the Hospital.  Moore now argues that her refusal to execute such authorizations until ordered to do so by the court was substantially justified because there is a split of authority on the question of whether Rule 34 permits a court to order a party to execute medical authorizations.  She further argues that other circumstances make an award of expenses unjust in this case.  Rockwood disagrees, categorically.  While the Hospital has not responded to Moore's briefing, if Rockwood is entitled to the expenses he incurred in pursuing this line of discovery, then the Hospital, necessarily, is also entitled to its expenses, given that the burden rests with Moore to overcome the presumption in favor of an award of expenses.  See Fed. R. Civ. P. 37(a)(5)(A); Saalfrank, 2010 WL 839884, at *3; Cianbro, 733 F. Supp. 2d at 193 & n.2.

1. Substantial Justification

Moore points out, correctly, that courts have gone both ways on the question of whether Rule 34 permits a court to order a party to execute medical authorizations.  But it is also important to bear in mind the circumstances that gave rise to defendants' motions to compel.  See Shaw v. Mgmt. & Training Corp., No. 04-2394-KHV-DJW, 2005 WL 375666, at *2 (D. Kan. 2005) (basing decision not to compel plaintiff to sign release forms on "the specific circumstances presented").  Those circumstances include: (1) billing records indicating several years of monthly payments made on Moore's behalf to Mass Behavioral Health Plan ("MBHP"), an entity that appears to be a provider of mental-health care; (2) Moore's denial that she had ever had mental-health treatment, or any other kind of treatment from MBHP; (3) Moore's refusal to execute releases for her records from MBHP; (4) Moore's indication that she would fight any subpoena directed to MBHP; and (5) defendants' undisputed right to the mental-health records they sought.  Under those circumstances, Moore was not substantially justified in relying on the case law holding that Rule 34 does not permit courts to order the execution of medical authorizations.

In her objection to Rockwood's motion to compel, Moore relied on J.J.C. v. Fridell, 165 F.R.D. 513 (D. Minn. 1995), and Neal v. Boulder, 142 F.R.D. 325 (D. Colo. 1992).  In J.J.C., the

court explained that it had the authority to order medical
authorizations under Rule 34, but declined to do so, opting
instead to "order[ ] Plaintiff to produce the remaining medical
and psychological documents," 165 F.R.D. at 517.  Here, an order
such as the one issued in J.J.C. would be futile, given Moore's
(slightly contradictory) claims that she had received no
treatment from MBHP and that she had produced all responsive
documents from MBHP.  In Neal, the court refused to order the
execution of medical authorizations, but pointed out that "[u]se
of Rules 34 and 45 is available and will allow for production of
such documents as may be in the possession of physicians,
hospitals and the like."  142 F.R.D. at 327; see also Shaw, 2005
WL 375666, at *2.  In Shaw, the court explained:

> The appropriate procedure to compel a non-party to
> produce documents is to serve them a subpoena as set
> forth in Rule 45 of the Federal Rules of Civil
> Procedure.  It is only after the individuals or
> entities object on grounds of privilege or otherwise
> fail to produce the documents pursuant to subpoena
> that the Court will consider a motion requesting (1)
> the Court compel the entity to produce the documents
> pursuant to Rule 45; or (2) compel the party to
> execute appropriate releases pursuant to the Court's
> general powers to enforce its own orders.

Id. (footnote omitted).  Here, Moore indicated that she would
challenge the use of subpoenas to acquire her records from MBHP.
Given the unavailability of Moore's MBHP records through Moore
herself, and her stated intention to litigate any attempt by
defendants to use Rule 45, J.J.C. and Neal are materially

distinguishable from this case.  Accordingly, neither case
provides substantial justification for Moore's refusal to
execute medical authorizations.

If this were a situation in which Moore had objected to the
use of Rule 34 in favor of some other mode of access to her MBHP
records – material to which defendants were unquestionably
entitled – her refusal to execute authorizations might have been
substantially justified.  But where, as here, Moore's Rule 34
objection was one of three different roadblocks she attempted to
set up to deny defendants access to her mental-health records,
her objection to defendants' attempt to use Rule 34 was not
substantially justified.

## 2. Other Circumstances

Moore argues that an award of expenses in this case would
be unjust due to two "other circumstances," Fed. R. Civ. P.
37(a)(5)(A)(iii), her inability to pay defendants' expenses, and
her attorney's good faith.  Rockwood contends that Moore's
inability to pay expenses is immaterial in that she had no hand
in her attorney's decision not to execute the requested
authorizations.  He further contends that Moore's counsel's
reliance on her own purported good faith is unavailing as a
matter of law.

The court turns first to Rockwood's argument that Moore's counsel alone should bear the full cost of paying his expenses, because she alone was responsible for the litigation strategy that resulted in his filing a motion to compel.  The court is not convinced.  Both Moore and her counsel had a hand in placing obstacles along defendants' path to obtaining the discovery materials to which they were entitled.

The path to Moore's mental-health records had three branches: Rule 34, Rule 45, and access through Moore herself. Moore's counsel uncovered the case law interpreting Rule 34 on which Moore relied to block that path.  On the other hand, as demonstrated by her less than credible testimony about never having been treated by MBHP, Moore herself played a major role in blocking a second path to discovery of her mental-health records.  To be fair, Moore's counsel defended Moore's failure to produce records from MBHP by arguing that it is illogical and unrealistic to assume that the existence of medical billing records indicates that medical services were provided or received.  As to Moore's threat to challenge any subpoena served on MBHP, it is not clear who had the bigger role in blocking the path laid down by Rule 45.

The bottom line is this: both Moore and her counsel played important roles in creating the circumstances that forced defendants to file their motions to compel.  Having established

7

joint responsibility for Moore's litigation strategy, the court turns to the "other circumstances" cited by both Moore and her counsel as supporting a determination that neither should be liable for defendants' attorneys' fees.

Moore has submitted an affidavit that documents her limited financial resources.  Her lack of resources will be taken into account in the court's award of expenses, but does not preclude a determination that her conduct played a part in necessitating defendants' motions to compel.

Moore's counsel argues that an award of fees against her would be unjust because she acted in good faith in opposing defendants' requests for medical authorizations.  For the "good-faith" exception, she relies on Judge Laplante's opinion in Bartlett v. Mutual Pharmaceutical Co., No. 08-cv-358-JL, 2009 WL 3614987 (D.N.H. Nov. 2, 2009).  That reliance is misplaced.

Judge Laplante did explain in Bartlett that when a court choses among the various sanctions available under Rule 37, it

> may consider a variety of factors, including the reasons for the error, whether the party made it in good faith, the history of the litigation, the significance of the documents, the prejudice caused by the error, the other party's ability to overcome it, and the need to deter other litigants from disregarding procedural rules.

Id. at *6.  Nothing in the foregoing establishes good faith as an absolute bar to an award of expenses under Rule 37.  And, later in his Bartlett opinion, Judge Laplante did, in fact,

8

award expenses, notwithstanding the good-faith nature of the error that prompted the motion to compel.  Id. at *7.

Here, even assuming that Moore's counsel acted in good faith, it is still the case that Moore's refusal to execute medical releases did not just divert defendants from one mode of discovery to another.  Rather, in light of Moore's inability to procure records from MBHP, and her threats to challenge the use of Rule 45 subpoenas, her refusal to execute releases completely blocked defendants' access to material to which they were indisputably entitled.  While Moore's counsel's good faith may warrant a degree of heightened judicial vigilance with regard to "over-reaching as to the amount of fees and costs requested," id., it is not, on the facts of this case, a circumstance that entitles her to avoid an award of reasonable expenses.

### 3. Summary

Moore has failed to show that her refusal to execute authorizations pertaining to her mental-health records was substantially justified.  She has identified no other circumstances that would make an award of expenses unjust. Accordingly, defendants are entitled to the reasonable expenses they incurred in moving to compel the execution of authorizations for the release of Moore's mental-health records.

## B. Authorizations for Medical and Pharmacy Records

In its previous order, the court directed Moore to execute releases to allow the Hospital to obtain certain medical and pharmacy records.  For the reasons developed in Section A, the Hospital is also entitled to the reasonable expenses it incurred to secure that order.

## C. Court Records on Divorce and Domestic Violence

In its previous order, the court directed Moore to produce to the Hospital all court records in her possession, or in the possession of her counsel, pertaining to her divorce from Timothy Cronin.  Moore argues that she was substantially justified in objecting to the Hospital's request for production of those court records because, as the court ultimately determined, they qualify as attorney work product.  Given the importance of the privilege Moore was attempting to protect by withholding the court records at issue, and the relatively sophisticated legal analysis that supported the court's determination that those records were subject to discovery, Moore was substantially justified in declining to produce them in the absence of a court order.  On that basis, the Hospital is not entitled to the expenses it incurred in moving to compel the production of the court records.

**Conclusion**

For the reasons given, Rockwood and the Hospital are entitled to some but not all of the expenses they incurred in litigating their motions to compel.  As Rockwood sought only authorizations for the release of Moore's mental-health records, he prevailed completely, and is entitled to all of his reasonable expenses.  The Hospital, however, is entitled to its expenses with regard to the three categories of medical authorizations, but not with regard to the production of Moore's court records.  Because Moore and her counsel share the responsibility for forcing Rockwood and the Hospital to litigate the execution of medical authorizations, expenses will be assessed against both of them, in the first instance, subject to an equitable reduction of the assessment against Moore, based on her meager financial resources.

Rockwood and the Hospital shall have twenty days from the date of this order to submit properly supported motions for expenses.  Since the Hospital is not entitled to the expenses incurred in moving to compel the production of Moore's court records, its claim for expenses will need to be pro-rated accordingly.  Both defendants are directed to provide all the supporting documentation necessary for the court to perform a proper lodestar analysis, see Spooner v. EEN, Inc., 644 F.3d 62, 67-68 (1st Cir. 2011), and are further directed to bear in mind

11

that they are entitled only to their <u>reasonable</u> expenses.

Finally, Moore shall have ten days to respond to defendants'

claims for expenses.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge


October 11, 2011

cc:  W. Kirk Abbott, Jr., Esq.
     Rose Marie Joly, Esq.
     Kevin M. O'Shea, Esq.
     Laura A. Otenti, Esq.
     Michael A. Pignatelli, Esq.
     Nancy J. Puleo, Esq.
     Rose Marie Joly, Esq.
     Rosanna Sattler, Esq.
     Gilbert F. Wittemore, Esq.